THE PEOPLE OF THE STATE OF NEW YORK ex rel. HUGH McINTOSH, JR., Respondent, v. EDWARD M. FAY, as Warden of Green HAVEN PRISON, Appellant.

Second Department, March 18, 1963.

*Louis J. Lefkowitz, Attorney-General (Anthony J. Lokot* of counsel), for appellant.

No appearance for respondent.

SAMUEL RABIN, J. On November 7, 1951 the relator, upon his plea of guilty, was convicted of a felony in the former County Court, Kings County, for which he was duly sentenced. On January 4, 1960, the relator, upon his plea of guilty previously entered October 19, 1959, was convicted of another felony in the former County Court, Queens County. No appeal was taken from the judgment of conviction for the latter felony.

It is undisputed that when relator pleaded guilty to the latter felony, the trial court failed to comply with the provisions of

section 335-b of the Code of Criminal Procedure (L. 1959, ch. 219, eff. Sept. 1, 1959), which had then been in force for 48 days. In substance, this statute required the trial court to advise relator, before accepting his plea of guilty, that if it should thereafter appear that he had been previously convicted of a felony, he would be subject to different and additional punishment than might otherwise be the case.

On this showing, the Special Term sustained the instant writ and held that relator was entitled to resentence as a first felony offender.

The learned Special Term properly declared the second felony conviction in the Queens County Court to be a nullity. The failure to give to relator the statutory warning mandated by section 335-b vitiated the judgment upon such conviction because it deprived him of a substantial right (*People* v. *Schulman,* 13 A D 2d 441). The invalidity of the judgment also annulled the sentence but only to the extent of restoring the relator at bar "to the status existing prior to the [invalid] adjudication" (*People* v. *Sullivan,* 3 N Y 2d 196, 199). Accordingly, it was error to direct that, upon the second felony conviction, relator be resentenced as a first felony offender. Section 1941 of the Penal Law requires additional punishment for a second felony offender; and since relator had a prior felony conviction, if convicted upon the second felony charged, he must be sentenced as a second felony offender.

Relator, therefore, should be remanded to the Supreme Court, Queens County, Criminal Term, for the purpose of repleading to the indictment upon the second felony. On such rearraignment he must be given an opportunity to plead guilty or not guilty; and, before doing so, he must be apprised of the fact that his prior felony conviction will bring added punishment upon his conviction for a second felony.

Hence, the order under review should be modified on the law as follows: (1) by striking from the second decretal paragraph the provision that the relator be delivered "to the Queens County Court for resentence as a first felony offender in accordance with the memorandum decision herein [of the Special Term Justice];" and (2) by substituting therefor provisions that the relator be delivered to the Criminal Term of the Supreme Court, Queens County, for rearraignment; that, upon such rearraignment, his prior plea of guilty and the judgment of conviction entered thereon be deemed vacated; and that he be afforded an opportunity to replead after receiving the allocution as to the increased punishment required to be imposed upon him under section 335-b of the Code of Criminal Procedure. As so modi-

fied, the order should be affirmed. No questions of fact were considered.

BELDOCK, P. J., KLEINFELD, CHRIST and BRENNAN, JJ., concur.

Order modified on the law (1) by striking from the second decretal paragraph the provision that the relator be delivered '' to the Queens County Court for resentence as a first felony offender in accordance with the memorandum decision herein [of the Special Term Justice];'' and (2) by substituting therefor provisions that the relator be delivered to the Criminal Term of the Supreme Court, Queens County, for rearraignment; that, upon such rearraignment, his prior plea of guilty and the judgment of conviction entered thereon be deemed vacated; and that he be afforded an opportunity to replead after receiving the allocution as to the increased punishment required to be imposed upon him under section 335-b of the Code of Criminal Procedure. As so modified, the order is affirmed. No questions of fact were considered.